# ORPHANS' COURT OF BALTIMORE CITY.

Filed April 25, 1924.

IN THE MATTER OF THE ESTATE OF MARIA F. PATTISON, DECEASED.

*George E. Robinson* for executor.

*Joseph L. Donovan* and *W. Conwell Smith* for respondent, Thomas F. Pattison.

BLOCK, GAITHER and DUNN, JJ.—

In the matter of the petition of Howard O. Firor, the executor named in the will of the said deceased, praying for the admission of her will to probate and the grant of letters testamentary to him thereunder.

An answer to the petition was filed by Thomas F. Pattison, a son of the testatrix, objecting to the relief prayed and denying the jurisdiction of the Court to grant same, for the reasons therein set out.

The matter was ably argued by the counsel for the respective parties, and the Court having arrived at its decision, will undertake by this opinion to state its reasons for its finding.

Originally a notice to the Court was filed by the respondent herein, in which he signified his intention of filing a caveat to the will and requesting that the same be not admitted to probate; the effect of such notice being to preclude such admission until an opportunity was given respondent herein to file his caveat.

Instead of filing a caveat, he filed a petition denying the jurisdiction of the Court to admit the will to probate, on the ground that the testatrix was not at the time of her death a resident of this city, but was a resident of Howard County, this State.

The preliminary question raised by this petition was heard and the Court held that it had jurisdiction in the premises as the testatrix, in its judgment, did reside at the time of her death in Baltimore City. From the order passed in that regard, an appeal was entered to the Court of Appeals, which appeal is now pending.

Subsequently upon the application of Firor, the Court caused a notice to be served upon the counsel for the respondent, to the effect, that if a caveat was not filed by a certain time, it would proceed to take proof of the will, with a view to its admission to probate and the grant of letters testamentary. The time limited having long since expired and indeed up to this time no caveat has been filed, and we are informed by the counsel for the respondent that he will not at this time, do so. Subsequently the petition and answer in this matter were filed.

The respondent contends that pending the appeal on the question of domicii, any further proceedings in the estate are stayed, until the case is decided by the Court of Appeals.

In regard to appeals from orders or decrees of the Orphans' Court, we will here quote the statute, viz.:

Code of Public General Laws, 1912, Article 5, Section 64.

"An appeal from the Orphans' Court shall not stay any proceeding therein which may with propriety be carried on before the appeal is decided, if the Orphans' Court can provide for the conforming to the decision of the Court of Appeals, whether the said decision may eventually be for or against the appellant."

We are of opinion that probate of the will should be had, if, of course, the same is duly proven and letters testamentary granted to the executor named therein, because to our minds, the Court can with propriety provide for the conformity to the decision of the Court of Appeals, should the case be decided in favor of the appellants.

The effect of such a decision would be to annul and vacate the order of probate and revoke the letters testamentary. In such event this Court would transmit the will to the Orphans' Court of Howard County for its action in the matter of probate and administration. Firor could be compelled to surrender the estate to whoever the Orphans' Court of Howard County might designate and qualify as a fiduciary of the estate, even by attachment if necessary.

Pending the decision of the Court of Appeals, the estate will be protected

and conserved, otherwise, it will not be in control and possession of any legally authorized fiduciary bonded for the faithful performance of his duties.

The policy of the testamentary law is, that estates should be administered promptly after the death of one leaving an estate, and as was said in the case of Pacey vs. Cosgrove, at page 322, "The administration of estate of deceased persons must not be delayed by future contingencies of this kind," and although the nature of that case differs materially from this, the same doctrine can be applied, especially as we have said above, that the Court can provide for the conforming to the decision of the Court of Appeals and that no possible harm or injury can be sustained by the parties interested in the estate by its action.

Letters pendente lite cannot be granted for the reason that no caveat to the will has been filed. Letters ad colligendum might be granted, but this would subject the estate to the additional expense of such administration which we do not feel is justified when letters can be granted to the executor without injury to anyone.

The cases cited by counsel for the respondent are distinguishable from this case; in those cases the fiduciaries were already in office and the Court decided that they ought not to be disturbed pending the decision of the appellate Court. The effect of the appeal statute must be considered according to facts and circumstances of such particular case where it is sought to apply it.

The Court will proceed to take proof of the will and grant letters testamentary, if same is duly proven.